# Roma E Provincia Building and Loan Association v. Penza

*John Alessandroni,* for plaintiff; *Louis F. McCabe,* for defendant.

SMITH, P. J., November 1, 1933.—This matter arises from a rule for judgment for want of a sufficient affidavit of defense.

The plaintiff brought an action in assumpsit for the recovery of the sum of $1,701.43 paid by it for delinquent taxes and water rents, as the purchaser at sheriff's sale of certain parcels of real estate upon which the defendant, as registered owner prior to the foreclosure sale by the sheriff, had failed to pay.

By virtue of writs of fi. fa. issued June 9, 1932, and September 7, 1932, respectively, the properties in question were sold by the sheriff in two sales, and on August 1, 1932, and October 17, 1932, respectively, the Sheriff of Philadelphia County made and executed his deeds to the plaintiff for said properties.

The statement of claim avers that the defendant took title to the said properties on June 28, 1929, and up to the date of the said sales he remained uninterruptedly as the registered owner of the said properties, upon which he paid no taxes and water rents for 1930, 1931, and 1932. The statement of claim further avers that on July 30, 1932, and February 15, 1933, the plaintiff paid the delinquent taxes and water rents assessed against the said properties, in the sum of $1,429.04. The difference between $1,701.43, the amount sued for, and $1,429.04, or $272.39, is the amount of taxes paid by plaintiff for the year of 1929, for which plaintiff withdraws its claim, since the defendant was not then the registered owner.

The statement of claim avers that the plaintiff made demand on defendant for the payment of the said sum, but that the defendant refused to pay it or any part thereof. The affidavit of defense admits that in 1930, 1931, and 1932 defendant was the registered owner, but denies that he was the real owner and avers that plaintiff was aware of that fact. The affidavit of defense further avers, on information and belief, that the plaintiff paid the delinquent taxes and water rents from the moneys in plaintiff's hands received as rentals from said properties.

The affidavit of defense also refers to the fact that this court in an equity proceeding before it ordered the defendant to reconvey these properties to his sister Clorinda Spinelli, the original owner.

The affidavit of defense is without merit. The properties in question were conveyed in fraud of her creditors by Clorinda Spinelli on June 28, 1929, to the defendant. The plaintiff, as one of her creditors, filed a bill in equity in this court asking that the conveyance to the defendant be declared null and void. The answer of the defendant under oath averred that the conveyances were bona fide and made for a proper consideration. This court found that fraud had been committed by the defendant and his sister, and ordered a reconveyance to the sister of the defendant. The defendant now desires to take advantage of

the decision of this court, and he deserves little consideration. He was the registered owner in 1930, 1931, and 1932; as such he is liable for the taxes and water rents paid for him to the sheriff by the plaintiff, in the amount of $1,429.04. An account of the receiver of these properties appointed by this court pending the original litigation in equity is a matter of official record, and shows how the rents collected by the agent of the court were disbursed. None of them was used to pay taxes or water rents.

The affidavit of defense is insufficient as a matter of law.

### Decree nisi

And now, to wit, November 1, 1933, the rule for judgment for want of a sufficient affidavit of defense is made absolute in the sum of $1,429.04, with interest from the dates of payment.